## EUGENE W. CALLAHAN *vs.* JOHN C. BEAN.

The fact that a father has voluntarily and unnecessarily sent his child of two years and four months old, unattended, to his home, which was across a public street in a large city, and at a distance of thirty feet down the street, and then turned away and exercised no further oversight or care over him, shows such a want of care that no action can be maintained by the child against one who negligently ran over and injured him.

TORT, to recover for injuries to the plaintiff by running over him.

At the trial in the superior court, before *Morton*, J., the plaintiff offered evidence to show that before breakfast, on the 2d of July 1863, he, being then two years and four months old, went with his father across South Cedar Street, which is a public street in Boston, to a shop to buy some candy ; that he had several times been across the street alone for this purpose ; that after making the purchase the father went with the child to the door of the shop, and looked up and down the street, and saw no horse, person or other impediment in the street, and directed the plaintiff to go across the street and return home. The father then

returned into the shop, and began conversing with a person therein, and after a brief space of time, described by the father as not more than two minutes, some one came in and told him that his child was injured, and he went out and found that the plaintiff had been run over; that the plaintiff started to go across the street unaccompanied, and while in or near the middle of the street was run over by a baker's cart owned and driven by the defendant down the street upon a gallop; that the street was about eighteen feet wide, between the curbstones; that the shop was not directly opposite the door of the house of the plaintiff's father, but about thirty feet further up the street.

At the close of the plaintiff's case, the judge ruled that the plaintiff had not shown due care on his part or that of his parents, and directed a verdict for the defendant, which was returned accordingly. The plaintiff alleged exceptions.

*J. Nickerson*, for the plaintiff.

*A. A. Ranney*, for the defendant.

HOAR, J. The question raised upon the bill of exceptions must be governed by the decision in *Wright* v. *Malden & Melrose Railroad*, 4 Allen, 283, a case which this much resembles, unless some material distinction can be found between them; and we can find none which affects the point at issue.

The plaintiff was two years and four months old; undoubtedly, therefore, of so tender an age as to be incapable of taking care of himself. He was entitled to the care of others; he was under the care of his father just before he received the injury for which the suit is brought; and if, before that happened, his father ceased to take suitable care of him, and that neglect contributed to produce the injury complained of, he cannot maintain the action. The only question then is, whether he offered any evidence to show that his father was taking reasonable care of him at the time he was run over. The only evidence was, that he had several times been across the street alone to buy candy; that his father, who had gone across the street with him for that purpose, and who was to return directly to his breakfast, sent him back alone, first looking up and down the street and seeing that there was nothing dangerous in sight, and then turning away

and exercising no further oversight or care over him. The street between the curbstones was eighteen feet w'de, and the candy shop was not opposite the plaintiff's home, but thirty feet further up the street. The father left the compliance with his directions to depend wholly upon the intelligence, activity and obedience of an infant of little more than two years old. The child had no present protection, and the only provision for his safety was the previous directions given him, which, understood and strictly followed, might have been sufficient. But who could say what effect the mere sight or sound of a rapidly approaching horse might produce upon the mind or motions of such a child? Or when, or with what result, the idea of waiting for his father might occur to him?

There was no evidence of sufficient care, nor of a sufficient reason for the want of it; and so no case for the jury.

*Exceptions overruled.*